Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 15 2022

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROSHON EDWARD THOMAS,<br><br>Defendant. | 2:22-CR-0035-RMP-1<br><br>INDICTMENT<br><br>Vio: 18 U.S.C. § 1343<br>Wire Fraud<br>(Counts 1, 2)<br><br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461(c)<br>Forfeiture Allegations |

The Grand Jury charges:

### General Allegations

1. At all times relevant to this Indictment, the Defendant, ROSHON EDWARD THOMAS, was a resident of Spokane, Washington.

2. The Economic Injury Disaster Loan ("EIDL") program is a Small Business Administration ("SBA") program that provides low-interest funding to small businesses, renters, and homeowners affected by declared disasters.

3. On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. That statute, along with the Coronavirus Preparedness and Response Supplemental Appropriations Act, authorized the SBA to provide EIDLs of up to $2 million to eligible small

INDICTMENT – 1

businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to advance up to $10,000 to a small business within three days of its application for an EIDL. The amount of the advance was determined by the number of employees that the applicant certified having. Those advances did not have to be repaid.

4. In order to obtain an EIDL and advance, a qualifying business must submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was the year preceding January 31, 2020. The applicant must also certify that all the information in the application is true and correct to the best of the applicant's knowledge.

5. The amount of an EIDL, if the application is approved, is determined based, in part, on the information provided in the application about employment, revenue, and cost of goods, as set forth above. Any funds issued under an EIDL or advance are issued directly by the SBA. EIDL funds can be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments. If the applicant also obtains a loan under the Paycheck Protection Program, the EIDL funds cannot be used for the same purpose as the Paycheck Protection Program funds.

6. EIDL applications are received in cloud-based platforms. The location of the server through which the EIDL application is submitted is based on the date the application was processed by SBA and the application number. During the time period relevant to this Indictment, all EIDL applications were received in a Microsoft cloud-based platform using a Rapid Finance application, through SBA servers located in Des Moines, Iowa.

INDICTMENT – 2

## COUNTS 1, 2

7. The allegations in paragraphs 1 through 6 of this Indictment are incorporated as though realleged herein.

### The Scheme

8. Beginning no later than on or about July 13, 2020, and continuing through at least August 11, 2020, in the Eastern District of Washington and elsewhere, the Defendant, ROSHON EDWARD THOMAS, devised and intended to devise a scheme to defraud the SBA, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

9. Specifically, the Defendant, ROSHON EDWARD THOMAS, applied for an EIDL using false information about his purported company, I's Design, with the intent to defraud, steal, and convert the proceeds of the EIDL to the Defendant, ROSHON EDWARD THOMAS's personal use and without any intent to use the proceeds thereof for any authorized purpose, or any intent to repay the EIDL.

### Manner and Means

It was part of this scheme that:

10. On or about July 28, 2020, the Defendant, ROSHON EDWARD THOMAS, applied for an EIDL by submitting application number 3312044971 to the SBA under the name of his purported business, I's Design. The Defendant, ROSHON EDWARD THOMAS, listed I's Design's business address as his own personal address as found on his Washington State Driver's License, but with a "suite" number in the place of the apartment number.

11. The Defendant, ROSHON EDWARD THOMAS, falsely stated, in the application, that I's Design had been established on June 23, 2019, that it had 7 employees as of January 31, 2020, and that its gross revenues for the 12-month period prior to January 31, 2020, were $65,000. The Defendant, ROSHON EDWARD THOMAS, indicated that the Employer ID number ("EIN") for I's Design was 85-1909430.

INDICTMENT – 3

12. The Defendant, ROSHON EDWARD THOMAS, certified that the information in the application was true and correct to the best of his knowledge, under penalty of perjury and of other criminal penalties for false information.

13. These representations and certifications were materially false. In fact, I's Design did not exist as of January 31, 2020. On or about July 13, 2020, the Defendant, ROSHON EDWARD THOMAS, sought and obtained EIN 85-1909430. Additionally, the State of Washington business license submitted by the Defendant, ROSHON EDWARD THOMAS, for I's Designs bore an issuance date of July 24, 2020. Moreover, I's Design did not have any employees, and did not even exist, as of January 31, 2020, nor did it have any receipts in the 12 prior months. Accordingly, I's Design and the Defendant, ROSHON EDWARD THOMAS, were not eligible for any EIDL funding.

14. In his EIDL application, the Defendant, ROSHON EDWARD THOMAS, provided a bank account in his name for disbursement with Spokane Teacher's Credit Union (STCU), account number xxxxxxxx8211 ("the STCU Account"). STCU is a federally insured financial institution, the deposits of which are insured by the National Credit Union Administration. The STCU Account was created by the Defendant, ROSHON EDWARD THOMAS, on or about July 24, 2020, approximately four days before his EIDL application. In opening the STCU account, he listed his employer as Walmart.

15. As a result of the fraud and relying on the materially false and fraudulent representations and certifications made by the Defendant, ROSHON EDWARD THOMAS, SBA approved the requested EIDL, and, on August 9, 2020, disbursed $32,400 to the STCU Account of the Defendant, ROSHON EDWARD THOMAS. At the time of disbursement of the EIDL, the STCU Account held approximately $10.

16. On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, the Defendant, ROSHON EDWARD THOMAS, for

INDICTMENT – 4

the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 1 | July 28, 2020 | EIDL Loan Application No. 3312044971, electronically submitted from the Eastern ~~District~~ State of Washington to the SBA in Des Moines, Iowa.  |
| 2 | Between on or about August 9 and August 11, 2020 | Electronic funds disbursement of $32,400 in EIDL proceeds were initiated on or about August 9, 2020 by the SBA Denver Finance Center located in Denver, CO which transmitted the payment information through the FMS system to the Treasury and, on August 11, 2020, electronically deposited the $32,400 into the STCU Account in the Eastern District of Washington. |

All in violation of 18 U.S.C. § 1343.

NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated herein by this reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1343, as alleged in Counts 1 and 2 of this Indictment, the Defendant, ROSHON EDWARD THOMAS, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT

A sum of money equal to $32,400.00 in United States currency, representing the amount of proceeds obtained by the Defendant, ROSHON EDWARD THOMAS, from the wire fraud violations.

If any of the property described above, as the result of any act or omission of the Defendant, ROSHON EDWARD THOMAS:

(a) cannot be located upon the exercise of due diligence;

INDICTMENT – 5

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED this 15th day of March 2022.

Vanessa R. Waldref
United States Attorney

Dan Fruchter
Assistant United States Attorney

Tyler H.L. Tornabene
Assistant United States Attorney

INDICTMENT – 6